IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:22-cv- |
| Plaintiff, | : | |
| v. | : | |
| ONE HUNDRED TWENTY-ONE THOUSAND, SIX HUNDRED AND 00/100 DOLLARS ($121,600.00) IN UNITED STATES CURRENCY, | : | **VERIFIED COMPLAINT FOR FORFEITURE IN REM** |
| | : | |
| Defendant 1, | : | |
| and | : | |
| ONE HUNDRED THOUSAND AND 00/100 DOLLARS ($100,000.00) IN UNITED STATES CURRENCY, | : | |
| Defendant 2. | : | |

Plaintiff, the United States of America, by its undersigned counsel, alleges the following for its action against the defendants in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure.

**NATURE OF THE ACTION**

1. This is a civil action *in rem* brought to enforce 21 U.S.C. § 881(a)(6), which provides for the forfeiture to the United States of:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

## THE DEFENDANTS IN REM

2. Defendant 1 is One Hundred Twenty-One Thousand, Six Hundred and 00/100 Dollars ($121,600.00) in United States Currency. On or about October 20, 2021, the Drug Enforcement Administration ("DEA") seized a package, which contained Defendant 1, from Mohammed Computer Groups 4038 at the FedEx Ship Center, 3605 Concorde Drive, Vandalia, Ohio. The United States has deposited Defendant 1 into the Seized Asset Deposit Fund, where it will remain during the pendency of this action.

3. Defendant 2 is One Hundred Thousand and 00/100 Dollars ($100,000.00) in United States Currency. On or about October 20, 2021, the DEA seized a package, which contained Defendant 2, from Mohammed Computer Groups 4038 at the FedEx Ship Center, 3605 Concorde Drive, Vandalia, Ohio. The United States has deposited Defendant 2 into the Seized Asset Deposit Fund, where it will remain during the pendency of this action.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the defendants under 21 U.S.C. § 881(a)(6). This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345 and over an action for forfeiture under 28 U.S.C. § 1355(a).

5. This Court has *in rem* jurisdiction over the defendants under 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio.

6. Venue is proper in this district under 28 U.S.C. § 1355(b)(1)(A) because acts and omissions giving rise to the forfeiture occurred in the Southern District of Ohio and under 28 U.S.C. § 1395 because the defendants were found in the Southern District of Ohio.

**BASIS FOR FORFEITURE**

7. The defendants are subject to forfeiture under 21 U.S.C. § 881(a)(6) because they represent property furnished or intended to be furnished in exchange for a controlled substance, represent proceeds traceable to such an exchange, or were used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846.

**FACTS**

8. On or about October 20, 2021, the DEA Dayton Resident Office received information from FedEx, located on the grounds of the Dayton International Airport, about two suspicious packages in its possession. FedEx informed DEA Task Force Officer Sean Copley ("TFO Copley") that it possessed two identical packages, which the same sender intended to ship to two different addresses, one in Texas and the other in California.

9. FedEx also informed TFO Copley that its management had partially opened a package with FedEx tracking number 285162608367 in accordance with its rules and policies. Upon seeing bundles of United States currency, FedEx resealed the box and immediately notified TFO Copley.

10. A short time later, TFO Copley and Sergeant H. Kelly Hamilton of the Dayton Police Department ("Sgt. Hamilton") arrived at the FedEx Ship Center, located at 3605 Concorde Drive in Vandalia, Ohio. Upon arrival, FedEx directed TFO Copley's attention to two white Gourmia Air Fryer boxes. FedEx management pointed out the box with tracking number 285162608367, which FedEx had partially opened.

11. The label on the package, displaying FedEx tracking number 285162608367, is described as follows:

| Sender | Recipient |
|---|---|
| Mohammed, Computer Groups 4038<br>(225) 315-5251<br>6760 Windhaven Parkway Apartment 4038<br>The Colony, Texas 75056 | Ment Mengistu<br>8506 Manchester Drive<br>Rowlett, Texas 75089 |

12. The label on the package, displaying FedEx tracking number 285162439257, is described as follows:

| Sender | Recipient |
|---|---|
| Mohammed, Computer Groups 4038<br>(225) 315-5251<br>6760 Windhaven Parkway Apartment 4038<br>The Colony, Texas 75056 | Hiebtran<br>10401 ½ Olive Street<br>Temple City, California 91780 |

13. Investigators later identified a "Hiep Tran" as associated with the address at 10401 ½ Olive Street, Temple City, California, and they determined that a "Mentesnot Mengistu" is associated with the address at 8506 Manchester Drive, Rowlett, Texas.

14. The DEA has information to believe that telephone number (225) 315-5251 is associated with Mohammed Khaled ("Khaled"), a known money launderer. Khaled is known to receive bulk cash from various drug dealers and other unknown sources and convert the cash into bulk electronics for the purpose of trade-based money laundering.

15. The DEA conducted an internet search of Mohammed Computer Groups 4038 in Louisiana, where Khaled resides, and was not able to find any internet presence for the company or its registration with the Louisiana Secretary of State. Khaled is listed as the registered agent/officer of Phone Exchange LLC in Baton Rouge, Louisiana.

16. The DEA checked indices for Mohammed Computer Groups 4038 with the Office of the Comptroller in Texas, which revealed a "Computer Groups, Inc.," located at 6760

Windhaven Parkway, Apartment 4038, The Colony, Texas 75056. The registered agent on file is listed as Ashraf N. Zoubi. In addition, an alternative name for the business is Dr. Computer. The DEA has learned that Ashraf Zoubi was involved in civil litigation in the United States District Court for the Northern District of Texas regarding bulk handset trafficking.

17. TFO Copley observed that both packages were ordinary air fryer boxes and declared through FedEx as such. The weights of the packages were different; even though, they purportedly contained the same item.

18. Investigators later identified Khaled as the sender of the packages. Khaled shipped the packages using First Overnight with GPS tracking, which is FedEx's most expensive and fastest shipping method. The approximate retail price for the air fryers is under $100.00, but the cost for shipping the items was over $150.00, which was to be paid by a third-party account.

19. Air travel records for Khaled show that he traveled by American Airlines from Dallas, Texas, to Dayton, Ohio, on October 20, 2021, and he returned from Dayton to Dallas on the following day. Based on their training and experience, investigators know that money launderers commonly fly into Dayton, Ohio, for a short period of time and then return to another city.

20. A trained and certified canine team in narcotics detection conducted an open-air sniff of the packages, which resulted in a positive alert for the odor of narcotics on each package.

21. TFO Copley seized the packages for further investigation. TFO Copley and Sgt. Hamilton then transported the packages to the Dayton Police Department Narcotics Bureau property storage, where the packages were secured pending the issuance of state search warrants.

22. On or about October 21, 2021, investigators executed a state search warrant on the package with FedEx tracking number 285162439257. Upon opening the box, investigators

observed several bundles of bank envelopes for Wright-Patt, Chase, and Huntington Bank between the air fryer and box. When investigators removed the air fryer from the box, the cooking pot portion fell out and revealed that the inside of the air fryer was packed full of United States currency. The investigators removed all the currency from the box and air fryer and secured it in an evidence bag. An official count determined that the currency totaled $121,600.00 (Defendant 1).

23. The investigators next executed a state search warrant on the package with FedEx tracking number 285162608367. Upon opening the box, investigators found its contents to be similar to the first box. Investigators recovered bundles of United States currency from inside the box and within the air fryer and secured all the currency in an evidence bag. An official count determined that the currency totaled $100,000.00 (Defendant 2).

24. Before the DEA sent notice of its administrative forfeiture proceedings, Khaled filed a claim with the DEA on October 28, 2021, in which he asserted an interest in an approximate amount of the seized currency. Khaled did not provide an explanation for the source of the seized currency under penalty of perjury.

25. Khaled has a criminal history of felony possession of Schedule I controlled substance, possession of heroin, possession of marijuana, possession of drug paraphernalia, among other things.

26. Based on the foregoing facts, the United States asserts that the defendants are subject to forfeiture to the United States under 21 U.S.C. § 881(a)(6) because they represent property furnished or intended to be furnished in exchange for a controlled substance, represent proceeds traceable to such an exchange, or were used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C.

§ 846.

## CLAIM FOR RELIEF

WHEREFORE, the plaintiff respectfully requests that:

(a) the Court find there is probable cause to believe that the defendants have been forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6);

(b) pursuant to Rule G(3)(b)(i), Supplemental Rules, the Court issue a warrant of arrest *in rem*, directing the United States to arrest and seize the defendants and to retain the same in its custody subject to further order of the Court;

(c) the Court, pursuant to Rule G(4), Supplemental Rules, direct the United States to give notice to all persons and entities having an interest in the defendants to assert in conformity with the law a statement of any interest they may have, including notice by publication on the official government website, www.forfeiture.gov, for thirty consecutive days;

(d) the forfeiture of the defendants to the United States be confirmed, enforced, and ordered by the Court;

(e) the Court thereafter order the United States to dispose of the defendants as provided by law; and

  (f)  the Court award the United States all other relief to which it is entitled, including the costs of this action.

            Respectfully submitted,

            KENNETH L. PARKER
            United States Attorney

            s/Deborah D. Grimes
            DEBORAH D. GRIMES (0078698)
            Assistant United States Attorney
            Attorney for Plaintiff
            221 East Fourth Street, Suite 400
            Cincinnati, Ohio 45202
            (513) 684-3711
            Deborah.Grimes@usdoj.gov

**VERIFICATION**

I, David M. Ashley, hereby verify and declare under the penalty of perjury that I am a Special Agent with the Drug Enforcement Administration, that I have read the foregoing Verified Complaint for Forfeiture In Rem and know the contents thereof, and that the matters contained in the complaint are true to my own knowledge, except those matters stated to be alleged on information and belief and as to those matters, I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, and my investigation of this case.

I hereby verify and declare under the penalty of perjury that the foregoing is true and correct.

_____  
Date

_____  
DAVID M. ASHLEY  
Special Agent  
Drug Enforcement Administration