IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 3:22-cv-023 |
| Plaintiff, | : | District Judge Thomas M. Rose |
| v. | : | Magistrate Judge Peter B. Silvain, Jr. |
| ONE HUNDRED TWENTY-ONE THOUSAND, SIX HUNDRED AND 00/100 DOLLARS ($121,600.00) IN UNITED STATES CURRENCY, *et al.*, | : | |
| | : | |
| Defendants. | | |

**JUDGMENT AND DECREE OF FORFEITURE**

This matter comes before the Court on the United States' Motion for Judgment and Decree of Forfeiture (Doc. No. 19). The instant motion seeks a judgment, pursuant to Rule 54 of the Federal Rules of Civil Procedure, against Mohammed Khaled, Phone Exchange LLC, Hiebtran a.k.a. Hiep Tran, Ment Mengistu a.k.a. Mentesnot Mengistu, Computer Groups Inc., Mohammed Computer Groups 4038, and all other persons and entities who might have an interest in a portion of Defendant 2, Seventy-Seven Thousand, Five Hundred Sixty and 00/100 Dollars ($77,560.00) in United States Currency (the "subject currency"). In addition, the instant motion seeks a decree of forfeiture, pursuant to 21 U.S.C. § 881(a)(6), against the subject currency. After a thorough review of the record, the Court finds the following.

The United States filed a Complaint for Forfeiture *In Rem* (Doc. No. 1) on January 26, 2022, seeking the forfeiture of One Hundred Twenty-One Thousand, Six Hundred and 00/100 Dollars ($121,600.00) in United States Currency (Defendant 1) and One Hundred Thousand and 00/100 Dollars ($100,000.00) in United States Currency (Defendant 2) ("defendants"). (Doc.

No. 1.) David M. Ashley, who was a Special Agent with the Drug Enforcement Administration, verified the Complaint. (*Id.*)

The Complaint alleges that the defendants are subject to forfeiture, under 21 U.S.C. § 881(a)(6), as property furnished or intended to be furnished in exchange for a controlled substance, represent proceeds traceable to such an exchange, or were used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846. (*Id.*)

A Warrant of Arrest *In Rem*, issued by the Court on January 27, 2022, directed the United States Marshals Service ("USMS"), among others, to arrest the defendants. (Doc. No. 4.) In accordance with the warrant, the USMS arrested the defendants, bringing them within the jurisdiction of the Court. (Doc. Nos. 5, 6.)

Pursuant to Rule G(4)(b)(i) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), "[t]he government must send notice of the action with a copy of the complaint to any person who reasonably appears to be a potential claimant on the facts known to the government before the end of the time for filing a claim under Rule G(5)(a)(ii)(B)." The direct notice instructs the potential claimant or the potential claimant's attorney of the following: 1) the date when the notice was sent, 2) the deadline for filing a claim which is at least 35 days after the notice was sent, 3) that an answer or a motion under Rule 12 must be filed no later than 21 days after filing the claim, and 4) the name of the government attorney to be served with the claim and answer. Supplemental Rule G(4)(b)(ii). "The notice must be sent by means reasonably calculated to reach the potential claimant." Supplemental Rule G(4)(b)(iii)(A).

In this case, the United States sent direct notice of this action with a copy of the Complaint to all known potential claimants. Specifically, on February 2, 2022, the United States sent direct notice and a copy of the complaint by regular and certified U.S. Mail to potential claimants Mohammed Khaled, Hiebtran a.k.a. Hiep Tran, Ment Mengistu a.k.a. Mentesnot Mengistu, Ashraf N. Zoubi for Computer Groups Inc., and Mohammed Computer Groups 4038, advising them that the deadline for filing a claim was March 9, 2022. (Doc. No. 11.)

Pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules, the United States is required to publish notice in a manner reasonably calculated to notify potential claimants of the civil forfeiture action on an official internet government forfeiture site for at least 30 consecutive days. The United States posted notice of this civil forfeiture action on the official internet government forfeiture site, www.forfeiture.gov, beginning on February 1, 2022, for 30 consecutive days. (Doc. No. 12.)

In March 2022, Mohammed Khaled and Phone Exchange LLC ("Claimants") filed Verified Claims (Doc. Nos. 7, 8, 9) asserting ownership and possessory interests in the defendants. On March 28, 2022, Claimants filed an Answer to the Complaint. (Doc. No. 10.)

On or about March 12, 2024, the United States and Claimants entered into a Settlement Agreement (Doc. No. 18) in which the parties agreed as follows:

a) That the United States shall return a total of $144,040.00 to Claimants in full settlement and satisfaction of their claims;

b) That Claimants withdraw their claims to the subject currency, that is, the remaining balance of Defendant 2, a total of Seventy-Seven Thousand, Five Hundred Sixty and 00/100 Dollars ($77,560.00) in United States Currency; and

    c)    That Claimants agree to the entry of a Judgment and Decree of Forfeiture, forfeiting all their right, title, and interest in the subject currency to the United States in accordance with 21 U.S.C. § 881(a)(6).

No person or entity other than Claimants has filed a claim to the defendants or an answer to the complaint, and the time to do so has expired. The United States has resolved Claimants' interest in the defendants through settlement.

**NOW THEREFORE**, based upon the above findings, and the Court being otherwise fully advised in the matter, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. In accordance with Rule 54 of the Federal Rules of Civil Procedure, judgment is hereby entered against Mohammed Khaled, Phone Exchange LLC, Hiebtran a.k.a. Hiep Tran, Ment Mengistu a.k.a. Mentesnot Mengistu, Computer Groups Inc., Mohammed Computer Groups 4038, and all other persons and entities who might have an interest in the subject currency;

2. All right, title, and interest in the subject currency is **CONDEMNED** and **FORFEITED** to the United States, pursuant to 21 U.S.C. § 881(a)(6), because the subject currency represents property furnished or intended to be furnished in exchange for a controlled substance, represents proceeds traceable to such an exchange, or was used or intended to be used to facilitate any violation of 21 U.S.C. § 841 or a conspiracy to commit such offense, in violation of 21 U.S.C. § 846;

3. All right, title, and interest in the subject currency is vested in the United States, and no right, title, or interest shall exist in any other person or entity;

4. The United States or an authorized agent thereof shall dispose of the subject currency in accordance with the law; and

5. The United States or an authorized agent thereof shall return a total of $144,040.00 to Claimants in accordance with the Settlement Agreement (Doc. No. 18).

**IT IS SO ORDERED.**

                                                s/Thomas M. Rose
                                      THOMAS M. ROSE
                                      UNITED STATES DISTRICT JUDGE